```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
PATSY'S ITALIAN RESTAURANT,
INC., PATSY'S BRAND, INC.

                    Plaintiffs,                **MEMORANDUM & ORDER**

          -against-                            06-CV-0729 (DLI) (RER)

ANTHONY BANAS, PATSY'S BAKERY
& CAFÉ, PATSY'S PIZZERIA,

                    Defendants.
-----------------------------------------------------------X
```

**RAMON E. REYES, JR., U.S.M.J.:**

Before the Court is plaintiffs' motion for sanctions, costs and attorney's fees pursuant to Rule 37 of the Federal Rules of Civil Procedure. Although not explicitly raised as such, plaintiffs' motion is also properly considered as a motion to compel. Plaintiffs complain that despite a prior order from this Court, and despite good faith attempts to get defendants to produce initial disclosures and adequate responses to document requests, defendants have refused to do so. Defendants have not responded to plaintiffs' motion, and therefore it is unopposed.[1] For the reasons which follow, plaintiffs' motion is granted.

---

[1] Local Civil Rule 6.1(a) provides that a party must respond to a motion to compel discovery within four business days. Plaintiffs' motion was filed via this district's electronic filing system on August 24, 2006. Although plaintiffs have produced a certificate of electronic filing, which clearly indicates that defendants' counsel was served with plaintiffs' motion through the District's electronic filing system on August 24, 2006, defendants' counsel claims he was never served. As of today, September 12, 2006, defendants have not responded to plaintiffs' motion. The Court notes that this is not the first time that defendants have failed to respond to a motion to compel. The Court granted plaintiffs' prior motion to compel as unopposed due to defendants' failure to file opposition papers.

Background

The parties held their Rule 26(f) scheduling conference on May 23, 2006. *See* Fed. R. Civ. P. 26(f). Thus, by operation of Rule 26(a)(1), initial disclosures were to be served no later than June 6, 2006. Fed. R. Civ. P. 26(a)(1) (initial disclosures "must be made at or within 14 days after the Rule 26(f) conference unless a different time is set by stipulation or court order . . ."). Plaintiffs report that they served their initial disclosures on June 6, 2006, but defendants did not. Also, plaintiffs served defendants with a First Request for Production of Documents and Things ("document requests") on May 26, 2006. Defendants responses thereto were due on June 26, 2006.

On June 21, 2006, plaintiffs' counsel informed defendants' counsel that defendants' initial disclosures were past due, and requested that they be served by June 26, 2006. According to plaintiffs, defendants' counsel did not respond. On July 5, 2006, plaintiffs' counsel again informed defendants' counsel of the overdue initial disclosures, and also that their responses to the document requests were similarly late. Plaintiffs report that defendants' counsel did not respond to these letters. Plaintiffs' counsel called defendants' counsel on July 7, 2006 to resolve these disputes, but defendants' counsel did not return the call.

Accordingly, on July 13, 2006, plaintiffs moved for an order directing defendants to produce their initial disclosure, and to respond to plaintiffs' document requests. Defendants did not oppose plaintiffs' motion, and therefore on July 25, 2006, the Court granted the motion. The Court ordered defendants to serve their initial disclosures and respond to plaintiffs' document requests by August 11, 2006. On August 11, 2006, defendants sought a one-week extension of the deadline "within which to comply with Plaintiffs' First Request For Production Of

2

Documents." 8/10/06 letter from Leslie H. Ben-Zvi to the Court.[2] On August 11, 2006, defendants also faxed to plaintiffs' counsel the first page of their initial disclosures, "but not the actual initial disclosures." 8/24/06 letter from Robert T. Maldonado to the Court, at 2 n.2. On August 14, 2006 and August 17, 2006, plaintiffs' counsel advised defendants' counsel by email and facsimile that he still had not received defendants' initial disclosures, and threatened that he would seek sanctions if the disclosures were not produced by August 18, 2006.

On August 18, 2006 defendants served objections and responses to plaintiffs' document requests, but did not serve their initial disclosures. Moreover, plaintiffs contend that defendants did not produce any responsive documents "except a one-page post-litigation letter which had previously been given to plaintiffs." Plaintiffs complain that defendants' objections and responses to their document requests are "non-responsive, and clearly evasive."

## Discussion

Federal Rule of Civil Procedure 37, entitled, "Failure to Make Disclosures or Cooperate in Discovery; Sanctions," provides procedures for compelling disclosures mandated by Rule 26(a) and responses to discovery. *See* Fed. R. Civ. P. 37(a). That Rule also permits a district court to impose a range of sanctions upon a party for failing to obey a discovery order. FED. R. CIV. P. 37(b)(2). Pursuant to Federal Rule of Civil Procedure 37(b)(2) "the court shall require the party failing to obey the order or the attorney advising the party or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the court finds that the failure

---

[2] Notably, although Mr. Ben-Zvi's letter is dated August 10, the facsimile confirmation clearly indicates that it was faxed to the Court on August 11. Also, that letter has not been filed electronically as required by this District's Local Rules and the Court's individual rules. Also notably, defendants did not seek in their letter an extension of time in which to serve their initial disclosures.

was substantially justified. . . ." FED. R. CIV. P. 37(b)(2); *see also Hoar v. Sara Lee Corp.*, 882 F.2d 682, 687 (2d Cir.1989) (affirming district court's award of costs of securing compliance with discovery orders, as sanction under Rule 37(b)). More severe sanctions, such as preclusion or dismissal, may be imposed when the failure to comply with a court order was due to willfulness, bad faith or fault on the part of the party refusing discovery. *E.g., Simmons v. Abruzzo*, 49 F.3d 83, 88 (2d Cir. 1995). Rule 37 also provides that if a motion to compel discovery under the Rule is granted, the Court "*shall* . . . require the party . . . whose conduct necessitated the motion . . . *or attorney* . . . or both of them *to pay to the moving party the reasonable expenses incurred in making the motion, including attorney's fees*, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action. . ." Fed. R. Civ. P. 37(a)(4) (emphasis added).[3] The imposition of sanctions under these Rules is within a court's discretion, and will be overturned only where there has been an abuse of that discretion. *E.g., Minotti v. Lensink*, 895 F.2d 100, 102-03 (2d Cir. 1990).

Defendants have clearly failed in their obligation to produce their initial disclosures, thus necessitating plaintiffs' motion for sanctions. Defendants' initial disclosures were due on August 11, 2006, after an extension had already been granted. Since that time, plaintiffs have requested at least twice that defendants fulfill their obligation to produce those disclosures. Despite those

---

[3] Similarly, Rule 16(f) provides, in pertinent part: "If a party or party's attorney fails to obey a scheduling or pretrial order, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D)." The sanctions contemplated by Rule 16 also include "reasonable expenses incurred because of any noncompliance with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust."

requests, despite prior requests before the extension was granted, and despite a prior Court order compelling defendants to produce those disclosures, defendants have ignored their obligation to produce initial disclosures, whether on purpose or through neglect. Regardless, sanctions must issue.

Further, defendants' responses to plaintiffs' document requests are clearly nonresponsive and evasive. Of the 25 individual document requests that plaintiffs served, defendants have not responded substantively to any but one or two. Rather, defendants have raised general and specific objections to nearly all of them, on grounds of, *inter alia*, burdensomeness, irrelevance, and vagueness. Most, if not all of the requests seek the disclosure of documents that are relevant to plaintiffs' claims, or at the very least are likely to lead to the discovery of admissible evidence.[4] Thus, they should have been responded to fully, rather than objected to completely. The fact that defendants have produced only a single, responsive document to date, which itself is self-serving and was prepared after litigation commenced, wreaks of bad faith.[5]

---

[4] For example, plaintiff seeks the production of "[a]ll documents concerning the franchising of a PATSY'S restaurant by or to Banas." In response, defendants have produced not a single document, but have objected, arguing, *inter alia*, that plaintiffs have failed to identify "PATSY'S restaurant." This is especially troubling in light of the fact that the lone document defendants produced, a one-page unsworn statement by Anthony Banas, claims that Banas has been "authorized by Patsy's Pizzeria in East Harlem" to "to sell or advertise packaged food products bearing the name Patsy's." Further, at the initial conference, defendants' counsel stated that defendants were authorized to run a restaurant by the valid holder of the Patsy's mark. Defendants can't have it both ways.

[5] Courts may impose sanctions upon a party who has acted in "bad faith, vexatiously, wantonly, or for oppressive reasons." *Aleyska Pipeline Service Co. v. Wilderness Society*, 421 U.S. 240, 258-59, 260 (1975) (quotation omitted). Sanctionable conduct includes when a party delays or disrupts the litigation or hampers the enforcement of a court order. *Hutto v. Finney*, 437 U.S. 678, 689, n.14 (1978). The power to impose sanctions is rooted in the courts' inherent power to "manage its own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-31 (1962).

The above mentioned failures and deficiencies can only be attributable to defendants' counsel. There is no indication in the record that defendants themselves have brought about these problems, and accordingly, the Court will sanction only defendants' counsel. Given these facts, and the fact that defendants' counsel has been entirely unprofessional in the manner in which he has litigated this case to date, sanctions in the amount of $250 are appropriate. Indeed, such sanctions are modest in relation to what other courts have ordered for similar, and even less egregious conduct.

I will also award plaintiffs the costs and fees associated with: 1) their initial motion to compel, 2) plaintiffs' counsel's many emails and letters to defendants' counsel reminding him of defendants' discovery obligations and defendants' failure to serve the initial disclosures, and 3) the instant motion for sanctions. In addition, I will compel defendants to serve their initial disclosures and amended responses to plaintiffs' document requests no later than September 15, 2006.

## Conclusion

Plaintiffs' motion is granted. Defendants' counsel is hereby ORDERED to pay to the Clerk of the Court no later than September 22, 2006, $250 in monetary sanctions. Further, defendants' counsel is ordered to pay to plaintiffs the costs and attorneys' fees in connection with their prior motion to compel and the instant motion for sanctions. Plaintiffs' counsel shall submit an accounting of these costs and fees no later than September 22, 2006. Defendants' counsel will have until September 29, 2006 in which to file an objection to the amounts sought, and plaitiffs' counsel will have until October 6, 2006 in which to reply. The Court will issue a separate order specifying the amounts awarded.

Defendants are also hereby ORDERED to produce their initial disclosures and serve amended responses to plaintiffs' document requests (without objections other than those based on attorney-client privilege, the attorney work product doctrine, or other recognized privilege) no later than September 15, 2006. If defendants withhold any documents based on privilege they must simultaneously produce on that date a privilege log that complies fully with the Federal Rules of Civil Procedure and Local Civil Rules of this District.

Further, should defendants' counsel not comply with this Order he will be sanctioned in the amount of $200 per day until compliance.

Finally, defendants' counsel is ORDERED to provide a copy of this Memorandum and Order to his client.

Dated: Brooklyn, New York
September 12, 2006

/s/
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**