UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------x
Patsy's Italian Restaurant, Inc.,          :
                                           :
                Plaintiff,                 :        **MEMORANDUM & ORDERED**
                                           :        06-CV-00729 (DLI) (RER)
        -against-                          :        06-CV-5857 (DLI) (RER)
                                           :
Anthony Banas et al.                       :
                Defendants.                :
------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Pending before the court are two trademark infringement suits brought by plaintiff, Patsy's Italian Restaurant, against defendants, Anthony Banas, and others. On November 17, 2006, United States Magistrate Judge Ramon E. Reyes Jr. consolidated 06-CV-5857 ("Syosset restaurant" action) with 06-CV-00729 ("Staten Island restaurant" action) pursuant to Fed. R. Civ. P. 42(a). However, on November 22, 2006, Magistrate Judge Reyes reconsidered his earlier decision to consolidate the two actions, and gave the parties an opportunity to brief the issue. Pursuant to Magistrate Judge Reyes's order, defendants filed a letter dated November 27, 2006 opposing consolidation, and plaintiff filed a letter dated November 29, 2006 in support of consolidation. For the reasons set forth below, Magistrate Judge Reyes's November 17th order consolidating the two actions is affirmed.

## Discussion

Federal Rule of Civil Procedure 42(a) empowers a trial judge to consolidate actions for trial when there are common issues of law or fact to avoid unnecessary costs or delay. Specifically, the

1

Rule provides:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

In such instances, district courts have "broad discretion to determine whether consolidation is appropriate," and they "have taken the view that considerations of judicial economy favor consolidation." *Johnson v. Celotex Corp.,* 899 F.2d 1281, 1284-85 (2d Cir.), *cert denied,* 498 U.S. 920 (1990). However, the "benefits of efficiency can never be purchased at the cost of fairness." *Malcolm v. National Gypsum Co.,* 995 F.2d 346, 350 (2d Cir. 1993). Thus, in deciding whether to exercise its discretion to consolidate, the trial court must determine "whether the specific risks of prejudice and possible confusion are overborne by risk of inconsistent adjudications of common factual and legal issues, the burden on the parties, witnesses, and available judicial resources posed by multiple lawsuits, the length of time required to consolidate multiple suits as against a single one, and the relative expense to all concerned of the single-trial, multiple-trial alternatives." *Johnson,* 899 F.2d at 1285.

The two above-captioned actions pending before the court involve common questions of both law and fact. Indeed, the alleged infringement involves the same United States trademark registrations, namely Registration Numbers 3,009,836 and 3,009,866. Moreover, both causes of action arose from the alleged licensing/franchising of pizzerias under the name "Patsy's" and/or "Patsy's Pizzeria" by defendants, and many of the witnesses and testimony will be the same for both cases. There is also overlap among the parties because Patsy's Italian Restaurant is the plaintiff in both actions, and Anthony Banas is the principal defendant. Although Mr. Banas is the only

common defendant in the two actions, the fact that there may be additional parties in one action does not mean that the cases should not be consolidated. *See Werner v. Satterlee,* 797 F. Supp. 1196, 1211 (S.D.N.Y. 1992) (citing *Waldman v. Electrospace Corp.,* 68 F.R.D. 281, 284 (S.D.N.Y. 1975)). In addition, the two complaints allege virtually identical causes of action based on the same federal statutes and common law theories of liability.

Not surprisingly, defendants argue that a joint trial will result in confusion and prejudice because certain parties, witnesses, allegations and defenses before the court in the Staten Island restaurant litigation are dissimilar to the action involving the Syosset restaurant location. It is true that there are differences between the two cases given the different parties and restaurants involved. However, any risk of confusion and prejudice can be minimized with careful jury instructions and by using separate verdict forms. *See Johnson,* 899 F.2d at 1285.

## Conclusion

For the above stated reasons, defendants' letter motion opposing consolidation is denied, and the two above-captioned cases are hereby consolidated for all purposes.

SO ORDERED.

DATED:     Brooklyn, New York
                 November 30, 2006

_____/s/_____
DORA L. IRIZARRY
United States District Judge