UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x
Patsy's Italian Restaurant, Inc.,                   :
                                                    :
                     Plaintiff,                     :            **ORDER**
                                                    :        06-CV-00729 (DLI) (RER)
              -against-                             :        06-CV-5857 (DLI) (RER)
                                                    :
Anthony Banas et al.,                               :
                     Defendants.                    :
-------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Presently before the court is plaintiff's motion to quash the subpoena served upon plaintiff's trial counsel, Cooper & Dunham LLP, and attorney, Norman H. Zivin, Esq., by defendants on December 29, 2006, or in the alternative, for a protective order pursuant to Fed. R. Civ. P. 26 and 45. The subpoena seeks documents and deposition testimony relating to: (1) any legal matters past and pending against defendants in this action; (2) Cooper & Dunham's knowledge of counsel representing defendants in any and all legal matters; (3) the cancellation proceedings before the Trademark Trial and Appeal Board ("TTAB") wherein defendants' former Registration No. 1,975,110 was cancelled; (4) communications with news reporters, editors and/or publicists concerning any and all parties to this action; (5) communications with the New York State Liquor Authority concerning defendants; and (6) any investigation by or on behalf of the plaintiffs concerning defendants. For the reasons set forth below, the motion to quash is granted, except with respect to the production of documents relating to the cancellation proceedings before the TTAB.

**Procedural History**

On February 17, 2006, plaintiff and Patsy's Brand Inc. brought suit in this court against

1

defendant Anthony Banas for trademark infringement, injury to business reputation and unfair competition arising out of Mr. Banas' operation of an Italian restaurant, bakery, café and food store in Staten Island under the name "Patsy's" ("Staten Island" lawsuit). During settlement discussions, plaintiff discovered that defendants were in the process of opening an additional restaurant in Syosset, Long Island using the "Patsy's" name ("Syosset" lawsuit). Consequently, plaintiff filed a second lawsuit on October 30, 2006. The two actions were consolidated on November 30, 2006.

On December 29, 2006, defendants served a subpoena on plaintiff's counsel seeking documents and deposition testimony as set forth above. By letter dated January 3, 2007, plaintiff filed the instant motion to quash. On January 11, 2007, the court, along with U.S. Magistrate Judge Ramon E. Reyes, held a hearing on the motion. Based on representations made by defense counsel at the hearing, it is apparent to the court that (1) defendants are concerned that a "level playing field" does not exist with respect to records the parties possess from the prior cancellation proceedings before the TTAB, (2) defendants are not seeking privileged information, (3) a need to depose Mr. Zivin does not exist as defendants' focus is on document production, and (4) communications with news reporters and the New York State Liquor Authority concerning any and all parties to this action, as well as any investigation by or on behalf of plaintiff concerning defendants, are not relevant to the instant action.

## Discussion

The Federal Rules of Civil Procedure provide that parties may obtain discovery, including by document requests and oral depositions, "regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). Moreover, the rules generally do not place any initial burden on parties to justify their deposition and discovery requests. *See e.g.,* Fed.

2

R. Civ. P. 30(a)(1) ("A party may take the testimony of any person . . . by deposition upon oral examination without leave of court."). However, district courts have broad discretion to manage the manner in which discovery proceeds. *See* Fed. R. Civ. P. 26(b)(2); 26(c).

Courts have been particularly concerned about the burdens imposed on the adversary process when lawyers themselves are the subject of discovery requests. *See e.g., Hickman v. Taylor,* 329 U.S. 495, 501-14, 67 S. Ct. 385, 91 L. Ed. 451 (1947) (protecting attorney work product from broad discovery). For instance, in *Shelton v. American Motors Corp.,* the Eighth Circuit strongly circumscribed the situations in which a party can depose an opposing party's counsel. 805 F.2d 1323 (8th Cir. 1987). The Eighth Circuit held that parties seeking to depose "opposing trial counsel" must show that: (1) no other means exist to obtain the information sought through the deposition than to depose opposing counsel; (2) the information sought is relevant and not privileged; and (3) the information is crucial to the preparation of the case ("*Shelton* rule"). *Id*. at 1327. The Eighth Circuit summarized the specific policies that animated its heightened standard as follows:

> Taking the deposition of opposing counsel not only disrupts the adversarial system and lowers the standards of the profession, but it also adds to the already burdensome time and costs of litigation. It is not hard to imagine additional pretrial delays to resolve work-product and attorney-client objections, as well as delays to resolve collateral issues raised by the attorney's testimony. Finally, the practice of deposing counsel detracts from the quality of client representation. Counsel should be free to devote his or her time and efforts to preparing the client's case without fear of being interrogated by his or her opponent. Moreover, the "chilling effect" that such practice will have on the truthful communications from the client to the attorney is obvious.

*Id.*

The Eighth Circuit further explained the policies behind the *Shelton* rule and limited the rule's reach in *Pamida, Inc. v. E.S. Originals, Inc.,* 281 F.3d 726 (8th Cir. 2002). The Eighth Circuit

3

explained that the *Shelton* rule was intended to guard against harassment of opposing counsel through depositions with the resultant cost to the administration of justice and abuse of the discovery process. *See Pamida*, 281 F.3d at 729-30. In allowing attorney depositions to be taken in *Pamida*, the Eighth Circuit stated that these concerns were not implicated when an attorney seeks only relevant information concerning prior terminated litigation. *Id*. at 730.

In this Circuit, depositions of "opposing counsel," while disfavored, are not categorically prohibited. *U.S. v. Yonkers Bd. of Educ.,* 946 F.2d 180, 185 (2d Cir. 1991). To determine whether a deposition of opposing counsel is appropriate the court is guided by the *dicta* contained in *In re Friedman*. 350 F.3d 65 (2d Cir. 2003).[1] In *Friedman*, the Second Circuit observed that it has never adopted the *Shelton* rule, and directed that "the standards set forth in Rule 26 require a flexible approach to lawyer depositions whereby the judicial officer supervising discovery takes into consideration all of the relevant facts and circumstances to determine whether the proposed deposition would entail an inappropriate burden or hardship." *Id*. at 72. Such considerations may include the need to depose the lawyer, the lawyer's role in connection with the matter on which discovery is sought and in relation to the pending litigation, the risk of encountering privilege and work-product issues, and the extent of discovery already conducted. *Id*.

In light of these factors and the facts and circumstances of this matter, the court finds that the deposition of Mr. Zivin is inappropriate. Defendants contend that Mr. Zivin is a necessary witness

---

[1] In *In re Friedman*, the appeal was dismissed as moot. 350 F.3d at 72. Judge Sonia Sotomayor, writing for the court, in footnote 4 of the opinion, recognized that the mootness of the appeal deprived the court of appellate jurisdiction to adjudicate the merits and thus required dismissal. *Id*. However, the majority felt it necessary to address the issue, even though it was only *dicta*, because two district courts believed that the Second Circuit had adopted the *Shelton* rule, a view with which this Circuit disagrees. *Id*. at 69-72. Thus, *Friedman* is meant to serve as a guide to the district courts on this issue.

at trial to prove that plaintiff's counsel breached their duty of candor to the TTAB[2] during the prior cancellation proceedings wherein defendants' former Registration No. 1,975,110 was cancelled. Specifically, plaintiff's counsel allegedly (1) knowingly served papers, and was aware that the TTAB had served papers, on the firm of Pennie & Edmonds LLP, even though Pennie & Edmonds no longer represented I.O.B. Realty, and (2) did not apprise the TTAB that the district court decision resulting in a permanent injunction and termination of I.O.B. Realty's trademark rights issued by U.S. District Judge Martin of the Southern District of New York had been appealed to the Second Circuit. *See Patsy's Brand, Inc. v. I.O.B. Realty, Inc. et al.,* 317 F.3d 209, 221 (2d Cir. 2003) ("tomato sauce" civil action). Although defendants are not seeking privileged information from plaintiff's counsel, they have failed to establish a specific need for the deposition. Defendants' primary concern apparently is that they do not possess a complete record from the original "tomato sauce" civil action, or from the prior cancellation proceedings before the TTAB. However, this does not necessitate deposing plaintiff's counsel because the information sought can be obtained from alternative means, such as through document requests and interrogatories. *See ResQnet.com v. Lansa, Inc.,* No. 01 Civ. 3578, 2004 WL 1627170, at *5 (S.D.N.Y. July 21, 2004) ("[a]s . . . [defendant] has not specified particular subjects not already covered by the prior discovery and has not indicated why the information has not been or cannot be obtained through means other than . . . [plaintiff's counsel's] testimony, it has not established the need for . . . [plaintiff's counsel's] deposition . . ."). Therefore, plaintiff's motion to quash the subpoena with respect to deposition

---

[2] "A practitioner who acts with reckless indifference to whether a representation is true or false is chargeable with knowledge of its falsity. Deceitful statements of half-truths or concealment of material facts shall be deemed actual fraud within the meaning of this part." 37 C.F.R. § 10.23(d) (2000).

testimony is granted.

With respect to document production, defendants have failed to establish the relevance of documents relating to (1) Cooper & Dunham's knowledge of counsel representing defendants in any and all legal matters, (2) communications with news reporters, editors and/or publicists concerning any and all parties to this action, (3) communications with the New York State Liquor Authority, and (4) any investigation by or on behalf of the plaintiffs concerning defendants. Additionally, documents relating to any legal matters against defendants should already be in defendants possession, as defendants seek information regarding actions in which they were a party. At a minimum, such information may be obtained through less burdensome means, namely, from public records. However, with respect to documents relating to the prior cancellation proceedings before the TTAB, the court wants to ensure that a "level playing field" exists among the parties. Therefore, records in plaintiff's possession relating to such cancellation proceedings may be obtained by defendants through discovery of plaintiff.

## Conclusion

Accordingly, for the reasons set forth above, plaintiff's motion to quash is granted, except with respect to the production of documents relating to the cancellation proceedings before the TTAB.

DATED:   Brooklyn, New York
         January 19, 2007

_____/s/_____
DORA L. IRIZARRY
United States District Judge