UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
PATSY'S ITALIAN RESTAURANT, INC. and :
PATSY'S BRAND, INC., :
:
: 
Plaintiffs, :
: **MEMORANDUM & ORDER**
-against- : 06-CV-00729 (DLI)(RER)
:
ANTHONY BANAS d/b/a PATSY'S, PATSY'S :
PIZZERIA, and PATSY'S BAKERY & CAFÉ and :
ANTHONY & PATSY'S INC., :
:
Defendants. :
----------------------------------------------------------------x
----------------------------------------------------------------x
PATSY'S ITALIAN RESTAURANT, INC., :
:
Plaintiff and :
Counterclaim Defendant, :
:
-against- : 06-CV-05857 (DLI)(RER)
:
ANTHONY BANAS d/b/a PATSY'S and :
PATSY'S PIZZERIA TRATTORIA IMPAZZIRE, :
ALLAN ZYLLER d/b/a PATSY'S and PATSY'S :
PIZZERIA TRATTORIA IMPAZZIRE, AL & :
ANTHONY'S PATSY'S, INC., I.O.B. REALTY, :
INC., PATSY'S, INC. and BSZ REALTY CORP., :
:
Defendants and :
Counterclaim Plaintiffs. :
----------------------------------------------------------------x

**DORA L. IRIZARRY, U.S. District Judge:**

Patsy's Italian Restaurant, Inc. and Patsy's Brand, Inc. ("plaintiffs") timely filed a motion asking the court to reconsider its Opinion and Order dated August 28, 2007 restoring defendant I.O.B. Realty, Inc.'s ("I.O.B.") United States Trademark Registration No. 2,213,574 (the "pizzeria registration") and, alternatively, asking the court to certify the portion of its decision restoring the

1

pizzeria registration for interlocutory review by the Second Circuit. For the reasons set forth below, plaintiff's motion is denied in its entirety.

**Plaintiff's Motion for Reconsideration**

1.  Standard

Motions for reconsideration are governed by Local Civil Rule 6.3 and are entrusted to the discretion of the court. *See Baker v. Dorfman*, 239 F.3d 415, 427 (2d Cir. 2000). "The standard for granting such a motion is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked—matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). The moving party must demonstrate that the factual matters or controlling precedent overlooked by the court "were presented to it on the underlying motion." *In re New York Cmty. Bancorp, Inc.*, 04-CV-4165, 2007 WL 1958911 at *3 (E.D.N.Y. June 29, 2007) (citation omitted). Importantly, in order to prevail on a motion for reconsideration, a movant must demonstrate that there is "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (citations omitted). However, a court's reconsideration of an earlier order is an "extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources" and reconsideration motions should not be granted where the moving party seeks solely to re-litigate an issue already decided. *In re Health Mgmt. Sys., Inc. Sec. Litig.*, 113 F. Supp. 2d 613, 614 (S.D.N.Y. 2000); *In re Houbigant, Inc.*, 914 F. Supp. 997, 1001 (S.D.N.Y. 1996) (noting that a Rule 6.3 motion is "not a motion to reargue those issues already considered when a party does not like the way the original

motion was resolved").

2. Discussion[1]

Plaintiffs argue that the court's decision restoring the pizzeria registration should be reconsidered because (1) the court ignored the plain meaning of section 8 of the Lanham Act, (2) the court ignored the plain meaning of section 21 of the Lanham Act, and (3) the court lacked subject matter jurisdiction to restore the registration. Because plaintiffs have failed to point to any fact or precedent the court overlooked that requires the court to depart from its August 28, 2007 decision, plaintiffs' burden has not been sustained and their motion for reconsideration is denied.

    *A.    Section 8 of the Lanham Act*

Plaintiffs first argue that I.O.B.'s failure to file a section 8 affidavit of continuing use for the pizzeria registration prevents the court from subsequently restoring the pizzeria registration to the register. Section 8 of the Lanham Act provides that "the registration of any mark shall be canceled by the Director for failure to [file an affidavit of continuing use] . . . at the end of 6 years following the date of registration." 15 U.S.C. § 1058. Plaintiffs incorrectly claim that the court's opinion ignored this language and overlooked a body of authority instructing courts to enforce the plain meaning of statutes. *See Lamie v. United States Tr.*, 540 U.S. 526, 534 (2004); *United States v. Oakland Cannabis Buyers' Coop.*, 532 U.S. 483, 497-98 (2001); *In re Fickling*, 361 F.3d 172, 176 (2d Cir. 2004); *Belanger v. Office of Pers. Mgmt.*, 1 F.3d 1223, 1225 (Fed. Cir. 1993).

The cases cited by plaintiff are inapposite. Although section 8's requirements are mandatory,

---

[1]Familiarity with the background of these two consolidated cases is assumed. The court previously set forth the underlying facts and circumstances in great detail in its August 28, 2007 Opinion and Order and they will not be reiterated herein except as needed for discussion of the instant motion.

*In re Mother Tucker's Food Experience (Canada) Inc.*, 925 F.2d 1402, 1405 (Fed. Cir. 1991), nothing in its language suggests that its provisions apply once the Patent and Trademark Office ("PTO") has already canceled the registration. Nor was the section enacted with such a situation in mind. Congress enacted section 8 to prevent out-of-use registrations, or "deadwood," from collecting on the register. *Application of International Nickel Co.*, 282 F.2d 952, 954 (C.C.P.A. 1960). "[T]he purpose of section 8 affidavits is to remove from the register automatically works which are no longer in use." *First Jewellery Co. of Canada, Inc. v. Internet Shopping Network LL*, 99-CIV-11239, 2000 WL 122175 at *2 (S.D.N.Y. Feb. 1, 2000) (quoting *Morehouse Mfg. Corp. v. J. Strickland & Co.*, 407 F.2d 881, 887 (C.C.P.A. 1969)). "Failure of registrants to file affidavits results in removal of such deadwood." *Checkers Drive-In Restaurants v. Comm'r*, 51 F.3d 1078, 1085 (D.C. Cir. 1995) (quoting *Morehouse*, 407 F.2d at 887).

When removal from the register is already a *fait accompli*, however, filing the affidavit can accomplish nothing of substance. The penalty sought to be avoided has already occurred. The Trademark Trial and Appeal Board ("TTAB") conceded as much in its June 28, 2007 cancellation order when it noted that a timely filed section 8 affidavit "would not have been *approved* while [the pizzeria registration] w[as] in cancelled status." (ECF Docket Entry 105 at 29.) Although I.O.B. would have been well advised to file the affidavit as a precautionary measure, it is difficult to read section 8 to require the filing after the PTO cancelled the registration, and even more difficult to fault I.O.B. for its actions considering the opaque and contradictory guidance offered by the TTAB. No statutory interest is furthered by requiring former registrants to file doomed affidavits with the PTO and the court declines to read section 8 to produce such an illogical result. *See Griffin v. Oceanic Contractors, Inc.* 458 U.S. 564, 575 (1982) ("[I]nterpretations of a statute which would produce

4

absurd results are to be avoided if alternative interpretations consistent with the legislative purpose are available."); *cf. Lamie*, 540 U.S. at 534.

Relying on a Supreme Court decision interpreting the incontestability provisions of the Lanham Act, plaintiffs relatedly argue that section 37 of the Lanham Act—which grants courts the power to "restore canceled registrations"—cannot undermine the more specific provisions of the act, such as section 8. The relevant passage from the Court's opinion states:

> Whatever the precise boundaries of the courts' equitable power, we do not believe that it encompasses a substantive challenge to the validity of an incontestable mark on the grounds that it lacks secondary meaning. To conclude otherwise would expand the meaning of "equity" to the point of vitiating the more specific provisions of the Lanham Act. *Similarly, the power of the courts to cancel registrations and "to otherwise rectify the register," [pursuant to section 37], must be subject to the specific provisions concerning incontestability*.

*Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 203 (1985) (quoting 15 U.S.C. § 1119) (emphasis added). Apart from being dictum, and never presented to the court in plaintiffs' papers on the underlying motion, this lone sentence from *Park N' Fly* discussing section 37 lends little support to plaintiffs' argument. *See In re New York Cmty. Bancorp, Inc.*, 2007 WL 1958911 at *3 ("[A] party in its motion for reargument may not advance new facts, issues or arguments not previously presented to the court.") (quoting *O'Brien v. Bd. of Educ. of Deer Park Union Free Sch. Dist.*, 127 F. Supp. 2d 342, 345 (E.D.N.Y. 2001)).

In *Park N' Fly*, the Supreme Court held that a defendant in an infringement action could not challenge the validity of plaintiff's incontestable mark on the grounds it was merely descriptive—i.e., that it lacked secondary meaning—because incontestability, once achieved, is only susceptible to several specific challenges enumerated in the statute, not including lack of secondary meaning. 469 U.S. at 196, 201; *see* 15 U.S.C. § 1115(b). Thus, the Court concluded that the power

5

to issue injunctions under section 34 of the Lanham Act—and by analogy, the power to correct the register under section 37—could not empower courts to rewrite the statute by making lack of secondary meaning a cognizable defense to incontestability. *Id*. at 203. As explained above, restoring the pizzeria registration does not require the court ro rewrite section 8 and, accordingly, *Park N' Fly* does not require the court to reconsider its decision. Plaintiffs' motion for reconsideration is denied to the extent it relies on section 8 of the Lanham Act.

  B.  *Section 21 of the Lanham Act*

Plaintiffs next argue that the court should reconsider its decision because I.O.B. never properly appealed the TTAB's May 27, 2003 order cancelling the pizzeria registration. Section 21 of the Lanham Act describes three methods by which a party can appeal a decision of the TTAB. 15 U.S.C. § 1071. It is undisputed that I.O.B. failed to utilize any of these means to challenge the May 27 cancellation order. Plaintiffs contend that the court, by nevertheless finding I.O.B.'s actions "reasonable," ignored the plain meaning of section 21 and impermissibly carved out an exception to the statutory procedures for seeking an appeal. Plaintiffs support this argument by citing the previously mentioned cases requiring courts to enforce statutes as they are written. *See Lamie*, 540 U.S. at 534; *Oakland Cannabis Buyers' Coop.*, 532 U.S. at 497-98; *In re Fickling*, 361 F.3d at 176; *Belanger*, 1 F.3d at 1225. This authority fails to persuade the court that its decision warrants reconsideration.

Briefly repeating the chronology of the TTAB proceedings helps explain why the court feels compelled to excuse I.O.B.'s technical non-compliance.[2] On May 12, 2003, after the Second Circuit

---

[2] The lengthy and convoluted history of the dealings between plaintiffs and defendants in their prior litigation and proceedings before the TTAB are set forth in more detail in pages 9-15 and 21-23 of the court's August 28, 2007 Opinion and Order.

issued its decision in the tomato sauce litigation, the TTAB suspended the cancellation proceedings and directed the parties to submit briefs within thirty days discussing the import of the Second Circuit's decision. On May 27, 2003, however, before the allotted time for briefing had expired, the TTAB cancelled the pizzeria registration. On June 9 and June 24, 2003, I.O.B. timely submitted its brief pursuant to the May 12 order and its reply to plaintiffs' response, respectively. The June 24 reply specifically requested that the pizzeria registration "be restored to the register immediately." (Grandinetti Decl. Ex. 18 at TTAB 1-263-264.) The TTAB never responded to the parties' briefs until I.O.B. filed a motion for a final order on January 22, 2007. In a June 28, 2007 order, after the instant litigation had begun, the TTAB conceded the May 27, 2003 cancellation order resulted from a "clerical error" and was "issued without any apparent legal basis." (ECF Docket Entry 105 at 29.) Nevertheless, the PTO cancelled the pizzeria registration in the June 28 order because I.O.B. had failed to file a section 8 affidavit and stayed further proceedings pending the outcome of the instant litigation. I.O.B.'s request for reconsideration of the May 27 order was denied on August 16, 2007.

Given the TTAB's admittedly dubious and confusing handling of this matter, I.O.B. hardly can be faulted for complying with the TTAB's May 12, 2003 briefing schedule instead of appealing the May 27, 2003 order. I.O.B. followed the TTAB's instructions and sought relief from the May 27 order in its reply brief dated June 24, 2003. TTAB conceded that the pizzeria registration was "erroneously cancelled by the [PTO] while IOB was responding to the [TTAB]'s May 12, 2003, order." (ECF Docket Entry 105 at 32.) Similar to the situation involving the section 8 affidavit, hindsight shows that it would have been in I.O.B.'s interest to appeal the May 12 order, but given its attempts to follow the TTAB's instructions and its apparent good faith, the court declines to make I.O.B. suffer the price of the TTAB's mistakes. *See, e.g.*, *Bull S.A. v. Comer*, 55 F.3d 678, 681 (D.C.

Cir. 1995) (tolling the period in which a party could file for trademark renewal because "failure to meet a statutory deadline 'may be excused if it is the result of justifiable reliance on the advice of [a] government officer.'") (quoting *Jarell v. United States Postal Service*, 753 F.2d 1088, 1092 (D.C. Cir. 1988)). Accordingly, the motion for reconsideration is denied with respect to plaintiffs' claim based upon section 21 of the Lanham Act.

      C. *The Court's Jurisdiction to Restore the Pizzeria Registration*

Finally, plaintiffs support their motion for reconsideration by arguing that the court lacks subject matter jurisdiction to restore the pizzeria registration to the register because I.O.B. never specifically sought restoration of the registration in any claim or counterclaim submitted to the court. This argument was raised in the plaintiffs' underlying motion and addressed in the court's August 28, 2007 opinion. Plaintiffs cite no facts, law, or arguments that they claim the court overlooked and have thus failed to sustain their burden. The motion for reconsideration is denied on this ground as well.

**Plaintiff's Request for a Certificate of Appealability**

Section 1292(b) of title 28 of the United States Code provides a mechanism for permissive appeals of non-final orders that are otherwise not appealable as of right under section 1291. *Nat'l Asbestos Workers Med. Fund v. Philip Morris, Inc.*, 71 F. Supp. 2d 139, 145 (E.D.N.Y. 1999). A district judge may certify an immediate appeal of an interlocutory order if three statutory requirements are met: (i) a controlling issue of law exists; (ii) that involves substantial ground for difference of opinion; and (iii) immediate appeal will materially advance the ultimate termination of the litigation. 28 U.S.C. § 1292(b). "[T]he legislative history, statutory design, [and] case law . . . make clear that district court judges have broad discretion to deny certification even where the

8

statutory criteria are met." *Philip Morris*, 71 F. Supp. 2d at 166. Certification "is to be used only in exceptional cases where an intermediate appeal may avoid protracted and expensive litigation and is not intended to open the floodgates to a vast number of appeals from interlocutory orders in ordinary litigation." *Telectronics Proprietary Ltd. v. Medtronic, Inc.,* 690 F. Supp. 170, 172 (S.D.N.Y. 1987); *see also Koehler v. Bank of Bermuda Ltd.,* 101 F.3d 863, 865 (2d Cir. 1996) ("Section 1292(b)'s legislative history reveals that although that law was designed as a means to make an interlocutory appeal available, it is a rare exception to the final judgment rule that generally prohibits piecemeal appeals.").

With respect to the first statutory requirement, a question of law can be "controlling" if reversal of the district court's order would terminate the action or if the certified issue would have precedential value for a large number of cases. *See Klinghoffer v. S.N.C. Achille Lauro*, 921 F.2d 21, 24-25 (2d Cir. 1990). As both parties note, the question of whether a district court's decision presents a controlling question of law is closely related to the question of whether an interlocutory appeal will materially advance the litigation. Under either inquiry, the "critical requirement is that it (an interlocutory appeal) have the potential for substantially accelerating the disposition of the litigation." *In re Duplan Corp.*, 591 F. 2d 139, 148 n.11 (2d Cir. 1978) (citation omitted).

Certifying the August 28, 2007 decision for interlocutory appeal would serve only to further complicate the already protracted dispute between the parties. In the event the Second Circuit accepted an interlocutory appeal and affirmed this court's decision restoring the pizzeria registration, the parties will have waited several months to be left in the same position as they are now, albeit with one less future ground for appeal. If the Second Circuit were to reverse, plaintiffs' remaining claims still would need to be resolved and such resolution still would be subject to a subsequent

appeal. The court finds an interlocutory appeal ultimately would not hasten the resolution of the parties' dispute and, accordingly, plaintiffs' request for a certificate of appealability is denied.

**Conclusion**

For the foregoing reasons, plaintiffs' motion for reconsideration, or in the alternative, for certification is denied in its entirety. The case is hereby referred to United States Magistrate Judge Ramon E. Reyes for further proceedings.

SO ORDERED.

DATED:    Brooklyn, New York
          October 31, 2007

_____/s/_____
DORA L. IRIZARRY
United States District Judge