```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X
PATSY'S ITALIAN RESTAURANT,
INC., PATSY'S BRAND, INC.

                Plaintiffs,                    **OPINION & ORDER**

         -against-                             06-CV-0729 (RER)

ANTHONY BANAS d/b/a PATSY'S,
PATSY'S PIZZERIA,

                Defendants.
----------------------------------------------------------X
----------------------------------------------------------X
PATSY'S ITALIAN RESTAURANT, INC.,

                Plaintiff and
                Counterclaim Defendant,

         -against-                             06-CV-5857 (RER)

ANTHONY BANAS d/b/a PATSY'S and
PATSY'S PIZZERIA TRATTORIA IMPAZZIRE,
ALLAN ZYLLER d/b/a PATSY'S and PATSY'S
PIZZERIA TRATTORIA IMPAZZIRE, AL &
ANTHONY'S PATSY'S, INC., I.O.B. REALTY,
INC., PATSY'S, INC. and BSZ REALTY CORP.,

                Defendants and
                Counterclaim Plaintiffs.
----------------------------------------------------------X
```

Defendants Patsy's Pizzeria ("Patsy's Pizzeria") and others filed this motion in limine against plaintiffs Patsy's Italian Restaurant, Inc. ("Patsy's Italian Restaurant") and others to exclude Rob Wallace ("Wallace") from testifying as an expert at trial in this consolidated action. (Docket Entry 119.)[1] It is well-settled that the determination of whether to admit expert

---

[1] All references to docket entries in this opinion correspond with case number 06-CV-5857. Identical papers were filed in case number 06-CV-0729, which is consolidated with the forgoing action. (*See* Docket Entry 32.)

testimony is within the sound discretion of the trial court. *See, e.g.*, *Fiataruolo v. United States*, 8 F.3d 930, 941 (2d Cir. 1993) (citations omitted); *see also Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 152 (1999) ("[T]he trial judge must have considerable leeway in deciding in a particular case how to go about determining whether particular expert testimony is reliable."). The court serves its gatekeeping function by "ensuring that an expert's testimony both rests on a reliable foundation and is relevant to the task at hand." *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 580 (1993).

Patsy's Pizzeria claims that Wallace's testimony should be excluded because: (1) it is "speculative conjecture" and therefore unreliable; and (2) it will not assist the trier of fact to understand or determine pertinent facts in this case.[2] (Docket Entry 119 at 1-2.) Beginning with the latter argument first, under the Federal Rules of Evidence, an expert witness may testify "[i]f scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue." FED. R. EVID. 702. Patsy's Pizzeria contends that Wallace's proffered testimony should be excluded because the trier of fact is equally capable of comparing the parties' marks to determine whether there is a likelihood of confusion. (Docket Entry 119 at 1-2.)

Patsy's Italian Restaurant responds that Wallace should be permitted to testify as to likelihood of confusion issues. (Docket Entry 120 at 2.) In the main, Patsy's Italian Restaurant

---

[2] Wallace's qualifications include over twenty-five years of experience working in brand marketing, publication of articles in the *Wall Street Journal* the *New York Times*, and involvement in various academic activities. (*See* Docket Entry 121, Attach. 1 at 6, 9-10.) I therefore agree with Patsy's Italian Restaurant that Wallace is qualified to render expert opinions on brand marketing. *See* FED. R. EVID. 702 (stating that experts may be qualified based on "knowledge, skill, experience, training, or education"). However, for the reasons given above, the fact that Wallace is a valid expert is not dispositive of Patsy's Pizzeria's motion in limine.

relies on *Betterbox Commc'ns Ltd. v. BB Techs.*, 300 F.3d 325 (3d Cir. 2002).[3] However, in that case, a divided Third Circuit panel emphasized that trial courts are afforded "considerable discretion" in deciding whether to permit such testimony. *Id.* at 329. The court went on to hold that, even if admission of an expert's testimony was erroneous, such an error was harmless because the plaintiff did not rely on the expert's testimony and the jury was able to examine the marks themselves to determine that a likelihood of confusion existed. *Id*. at 329-30.

In the present case, Patsy's Italian Restaurant has failed to show why Wallace's testimony would assist the jury on the issue of likelihood of confusion when they can just as easily make a comparison between the parties' marks. This approach is consistent with that taken by other courts in this circuit. *See Malletier v. Dooney & Bourke, Inc.*, -- F. Supp. 2d --, 2007 WL 4530868, at *6 (S.D.N.Y. Dec. 13, 2007) (upholding Special Masters' recommendation to exclude witnesses' report and testimony proffered to prove the likelihood of confusion where inter alia jury could observe for themselves whether marks are similar) (citing *Price v. Fox Entm't Group, Inc.*, 499 F. Supp. 2d 382, 389 (S.D.N.Y. 2007)); *Trouble v. Wet Seal, Inc.*, 179 F. Supp. 2d 291, 302-03 (S.D.N.Y. 2001) (excluding witnesses's report and testimony proffered for the purpose of proving the likelihood of confusion where inter alia comparison of products and store products is something the average trier of fact can perform without the assistance of expert witness); *New Colt Holding Corp. v. RJG Holdings of Fla., Inc.*, No. 02-CV-173, 2003 WL 23508131, at *1-4 (D.Conn. Aug. 11, 2003) (excluding expert witness from testifying on the

---

[3] The other decisions cited by Patsy's Italian Restaurant did not involve jury trials and are therefore inapposite. *See T.V. Land, L.P. v. Viacom Int'l, Inc.*, 908 F. Supp. 543 (N.D.Ill. 1995) (relying on expert testimony at hearing to determine whether to grant plaintiffs' motion for a preliminary injunction); *Acxiom Corp. v. Axiom, Inc.*, 27 F. Supp. 2d 478 (D.Del. 1998) (relying on expert testimony at bench trial for trademark infringement claim).

issue of consumer confusion because inter alia the subject matter was within the understanding of the jury); *see also Andrews v. Metro N. Commuter R.R. Co.*, 882 F.2d 705, 708 (2d Cir. 1989) (holding that, for an expert's testimony to be admissible under Federal Rules of Evidence, it must not be directed "to lay matters which a jury is capable of understanding and deciding without the expert's help") (citing cases). Wallace's testimony thus will not assist the trier of fact to understand the evidence or to determine the facts relating to the likelihood of confusion.

Turning to Patsy's Pizzeria's first argument, it is also apparent that Wallace's methodology for determining the likelihood of confusion is suspect. Under the Federal Rules of Evidence, the court should only permit testimony that is based on "more than subjective belief or unsupported speculation." *Wet Seal*, 179 F. Supp. 2d at 302 (quoting *Daubert*, 509 U.S. at 590). The usual method to introduce evidence on the issue of likelihood of confusion is through consumer surveys. *See, e.g.*, *Rush Indus., Inc. v. Garnier LLC*, 496 F. Supp. 2d 220, 227 (E.D.N.Y. 2007) ("A Plaintiff asserting trademark infringement typically offers evidence of consumer confusion by way of a well designed consumer survey.") (citations omitted); *see also* 32 J. THOMAS MCCARTHY, MCCARTHY ON TRADEMARKS AND UNFAIR COMPETITION §§ 158-96 (4th ed. 2007). Wallace appears not to have relied on such a consumer survey but, rather, he drew his conclusions based upon his own personal knowledge and expertise. Although consumer surveys are not necessary to prove a likelihood of confusion, the lack of survey evidence weighs against any finding of actual confusion between the parties' marks. *See Merriam-Webster, Inc. v. Random House, Inc.*, 35 F.3d 65, 72 (2d Cir. 1994). Furthermore, as Patsy's Pizzeria argues, testimony based solely on Wallace's personal opinion on the issue of likelihood of confusion should not be permitted because it would usurp the jury's role in making fact determinations.

*See United States v. Duncan*, 42 F.3d 97, 101 (2d Cir. 1994). Therefore, Wallace's testimony is unreliable as to the issue of likelihood of confusion.

Patsy's Italian Restaurant nonetheless contends that Wallace's testimony is proffered not to prove the likelihood of confusion, but rather to show the "overall commercial impression" of the parties' marks. (Docket Entry 120 at 2.) An examination of Wallace's expert witness report reveals that Wallace's assignment was to "analyze the provided exhibits and to produce an opinion on the *likelihood of consumer confusion* between [the parties' marks] based on the design of their logos, menus, web presence, product package design and signage." (Docket Entry 121, Attach. 1 at 1 (emphasis added).) Wallace's report thus concludes that the marks are "so significantly similar that there is a very strong *likelihood of confusion* between these brands." (*Id*. at 1-2 (emphasis added).) Indeed, it is unclear how Wallace would testify about the "overall commercial impression" of the parties' marks without necessarily drawing conclusions about their similarity. Even if such testimony were relevant and useful to the jury, its minimal probative value is substantially outweighed by the danger of unfair prejudice and misleading of the jury about the related issue of likelihood of confusion. *See* FED. R. EVID. 403. Therefore, Wallace's testimony proffered for the issue of the "overall commercial impression" of the parties' marks is also unreliable and will not assist the trier of fact to understand the evidence or to determine relevant facts.

For the foregoing reasons, I grant Patsy's Pizzeria's motion in part. Wallace is hereby excluded from testifying at trial about the issues of likelihood of confusion and the overall commercial impact of the parties' marks.

**Dated:** Brooklyn, New York
January 25, 2008

_Ramon E. Reyes, Jr._
**Ramon E. Reyes, Jr.
United States Magistrate Judge**