UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
PATSY'S ITALIAN RESTAURANT, INC.,
PATSY'S BRAND, INC.

                Plaintiffs,                 **OPINION AND ORDER**

        -against-                      06-CV-0729 (RER)

ANTHONY BANAS d/b/a PATSY'S,
PATSY'S PIZZERIA,

                Defendants.
----------------------------------------------------------------X
----------------------------------------------------------------X
PATSY'S ITALIAN RESTAURANT, INC.,

                Plaintiff and
                Counterclaim Defendant,

        -against-                      06-CV-5857 (RER)

ANTHONY BANAS d/b/a PATSY'S and
PATSY'S PIZZERIA TRATTORIA IMPAZZIRE,
ALLAN ZYLLER d/b/a PATSY'S and PATSY'S
PIZZERIA TRATTORIA IMPAZZIRE, AL &
ANTHONY'S PATSY'S, INC., I.O.B. REALTY,
INC., PATSY'S, INC. and BSZ REALTY CORP.,

                Defendants and
                Counterclaim Plaintiffs.
----------------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

      This case is scheduled to begin with jury selection on March 31, 2008, to be immediately followed by a trial on all issues. (Docket Entry dated March 7, 2008.) In light of the fact that this case will proceed as a jury trial, I set forth the following revised orders regarding the parties' various motions in limine. Unless otherwise set forth herein, all previously issued orders remain

unmodified.[1]  Any additional issues relating to the parties' motions in limine may be raised during the in-person pretrial conference scheduled for Tuesday, March 25 at noon, in Courtroom A, North Wing.

Plaintiffs' Motions in Limine

1.      Motion to exclude defendants' introduction of Mr. Scognamillo's video deposition.  (Docket Entry 174 at 2; Docket Entry 132 at 12.)  Motion is denied.  Mr. Scognamillo is located more than 100 miles from this Courthouse, thus the use of his deposition in lieu of live testimony is warranted.  *See* FED. R. CIV. P. 32(a)(4)(B).  Defendants are required

---

[1] In particular, I affirm that plaintiffs' motions to exclude evidence relating to prior proceedings are denied.  (*See* Docket Entry 163 at 2; Docket Entry 132 at 4-5; Docket Entry 142 at 2-4.)  These proceedings include: (1) the Patent and Trademark Office ("PTO") the Trademark Trial and Appeal Board ("TTAB") proceedings; (2) the so-called Tomato Sauce Litigation, *Patsy's Brand, Inc. v. I.O.B. Realty, Inc.*, 2001 WL 170672 (S.D.N.Y. Feb. 21, 2001), *aff'd as modified* 317 F.3d 209 (2d Cir. 2003); and (3) the Court's previous restoration of I.O.B. Realty, Inc.'s Trademark Registration No. 2,213,574, *Patsy's Italian Rest. v. Banas*, 508 F. Supp. 2d 194, 213 (E.D.N.Y. 2007).  Such evidence goes to the issue of the parties' rights in their respective marks, which is a key dispute in this case.  The probative value of such evidence thus greatly outweighs any potential prejudice or confusion of the issues.  *See* FED. R. EVID. 403.  Therefore, evidence relating to these proceedings is admissible, except as otherwise limited herein.  The actual decisions may not be entered into evidence, but rather the parties may refer to the relevant factual and legal conclusions drawn from these decisions.  The Court will also issue a limiting instruction to the jury that these proceedings are to be considered only as they relate to relevant legal and factual conclusions.  *See* FED. R. EVID. 105.
    I nevertheless also affirm that plaintiffs' motion to exclude factual conclusions drawn from the Court's August 2007 Order (the "Order") relating to defendants' motion for summary judgment is granted.  (*See* Docket Entry 163 at 2; Docket Entry 142 at 3-4, 9-11.)  In denying defendants' motion for summary judgment, the Court did not actually decide any factual issues.  *See Kay-R Elec. Corp. v. Stone & Webster Const. Co., Inc.*, 23 F.3d 55, 59 (2d Cir. 1994) (holding that a denial of summary judgment is not a final judgment on the merits and therefore does not collaterally estop re-litigation of factual issues).  As such, the minimal probative weight of such facts addressed in the Order is greatly outweighed by prejudice to plaintiffs and confusion of the issues.  *See* FED. R. EVID. 403.  Facts contained in the Order relating to the registration of marks shall be permitted consistent with above.

to identify portions of video deposition that they seek to introduce and make the entire video available to plaintiffs prior to trial. As for plaintiffs' claim that the deposition contains hearsay, plaintiffs must raise specific objections to portions of the deposition and attempt to resolve this issue with defendants prior to trial such that defendants may edit the video.

2. Motion to exclude defendants' introduction of evidence relating to a consent agreement between Patsy's Italian Restaurant and Patsy's Pizzeria in the 1940s. (Docket Entry 142 at 8-9.) Motion is granted. Given that agreement was a naked consent and is unenforceable under the Statute of Frauds, *see Patsy's Italian Rest. v. Banas*, 508 F. Supp. 2d 194, 220 (E.D.N.Y. 2007), any probative value is outweighed by prejudice to plaintiffs. *See* FED. R. EVID. 403. Defendants are not permitted to introduce evidence relating to this agreement, including as part of Mr. Scognamillo's video deposition.

3. Motion to exclude Ms. Arles's Deposition. (Docket Entry 174 at 2; Docket Entry 142 at 4-8.) Motion is granted in part. Defendants have not made a proper showing that Ms. Arles is unavailable due to a physical or mental illness. *See* FED. R. EVID. 804(a)(4). Defendants shall submit a subpoena for the Court's signature requiring Ms. Arles to appear at trial. Should Ms. Arles continue to refuse to testify in person, the Court will entertain a motion to introduce her deposition pursuant to Rule 804(a)(2) of the Federal Rules of Evidence.

4. Motion to exclude factual conclusions drawn in the Tomato Sauce Litigation. (Docket Entry 142 at 9-11.) I defer judgment until the pretrial conference. A party and their privies are collaterally estopped from re-litigating an issue when: "(1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the

issue previously litigated was necessary to support a valid and final judgment on the merits."
*NLRB v. Thalbo Corp.*, 171 F.3d 102, 109 (2d Cir. 1999) (citations omitted). For the reasons stated in defendants' papers, (Docket Entry 156 at 16-19), the issue of the existence of Patsy's Pizzeria since 1933 appears to have been established in *Patsy's Brand, Inc. v. Banas*, 317 F.3d 209, 217 (2d Cir. 2003) (holding that the trademark PATSY'S PR SINCE 1944 is a valid trademark for the use of pasta sauces because I.O.B. Realty and its predecessors failed to police its marks against Patsy's Italian Restaurant).[2] At the same time, the existence of the pizzeria appears to be beyond the scope of the prior litigation. *Id.* at 221 (holding that injunctive relief limiting the way that defendants identify their restaurant "is beyond the scope of this litigation"). Thus, it is unclear whether the issue of when Patsy's Pizzeria was established was necessary to support a valid and final judgment on the merits. I therefore defer judgment pending oral argument at the pretrial conference.[3]

5.  Motion to preclude defendants from calling Mr. Zivin as a witness to testify regarding the PTO and TTAB proceedings. (Docket Entry 142 at 13.) Motion is granted without

---

[2] I also note that, as part of the prior litigation and also in their PTO filings, plaintiffs appear to have admitted to the existence of Patsy's Pizzeria in 1933. For this admission to have preclusive effect in the current proceeding, plaintiffs must have intended the admission "to be binding in future litigation." *Uzdavines v. Weeks Marine, Inc.*, 418 F.3d 138, 146-47 (2d Cir. 2005). Defendants have not shown that plaintiffs intended to be so bound. As for whether proceedings at the PTO have preclusive effect, it is unclear from the papers submitted whether the PTO actually decided that Patsy's Pizzeria was established in 1933.

[3] Should I grant plaintiffs' motion and preclude factual conclusions drawn from the prior litigation, I am inclined to permit any relevant declarations into evidence to rebut allegations made by plaintiffs that Patsy's Pizzeria did not exist as of 1933. For that reason, I suggest that the better course would be for plaintiffs to stipulate to the existence of Patsy's Pizzeria in 1933. Defendants would then be required to establish the scope and nature of their use of their marks.

4

prejudice to plaintiffs making a subsequent motion to call Mr. Zivin as a witness *if* it should be deemed necessary during the course of the trial.

Defendants' Motions in Limine

1. Motion to bar impeachment evidence of Mr. Brija's conviction. (Docket Entry 125.) Motion is granted. Mr. Brija's conviction for armed robbery and criminal possession of a weapon did not involve dishonesty, was more than ten years old and occurred well outside of the time period in which he was involved in Patsy's Pizzeria. As such, the probative value of this evidence is not substantially outweighed by its prejudicial impact. *See* FED. R. EVID. 609(b).

2. Motion to bar evidence of offers to compromise. (Docket Entry 145.) Motion is granted in part. Defendants may refer to pretrial discussions in which Mr. Banas allegedly concealed information. Such information is relevant to plaintiffs' claim of bad faith infringement. (*See* Docket Entry 157 at 8.) However, plaintiffs are barred from referring to the fact that such statements arose in the context of settlement discussions. FED. R. EVID. 408. If necessary, the Court will also provide the jury with a limiting instruction. *See* FED. R. EVID. 105.

3. Motion to exclude evidence of prior misconduct. (Docket Entry 148.) Motion is granted in part. Given that defendants have retained new counsel, evidence relating to prior misconduct by defendants' attorneys is excluded as irrelevant and prejudicial. *See* FED. R. EVID. 403. As for evidence relating to the Southern District of New York's contempt order against Mr. Brija for perjury, such evidence is relevant to Mr. Brija's credibility. (*See* Docket Entry 157 at 16-19.) Such evidence is also relevant because the validity of the tomato sauce marks are at issue in the present litigation, and because the contempt order would bolster plaintiffs' claim of willful

infringement given Mr. Brija's prior course of conduct. *See* FED. R. EVID. 404, 608(b).
However, I am also mindful of the prejudicial effect of such evidence. FED. R. EVID. 403.
Therefore, should Mr. Brija take the stand, plaintiffs are only permitted to ask him whether the
Southern District of New York found him in contempt for perjury. Should Mr. Brija answer in
the affirmative, than plaintiffs may not ask any further questions.

    4.  Motion to exclude plaintiffs' confusion logs. (Docket Entry 149.) Motion is
granted. The proposed exhibit lacks "sufficient indicia of trustworthiness" because the entries
are disjointed and likely incomplete, and thus do not accurately indicate customers' then-existing
state of mind. *See Trouble v. Wet Seal*, 179 F. Supp. 2d 291, 300 (S.D.N.Y. 2001). This
evidence is therefore hearsay and does not fall within the business records exception. *See* FED. R.
EVID. 803(6).[4]

Objections Relating to Trial Exhibits

  I affirm my previous order that newspaper articles, photographs and similar exhibits are
admissible for the limited purpose of showing the fact that they exist, not for the truth of the
matters asserted. Such evidence goes to famousness of the parties' marks and is therefore
relevant and not cumulative. I will, however, provide the jury with an instruction about the
proper weight that such evidence should be afforded.

---

[4] I do note that it is unclear why defendants would seek to exclude this exhibit. The confusion logs allegedly shows that many customers go to Patsy's Italian Restaurant seeking pizza. Such evidence would bolster defendants' counterclaim that plaintiffs' marks are invalid and would help show that the mark PATSY'S is more commonly associated with pizzeria service.

Pursuant to my Individual Rules, the parties were instructed to meet and confer regarding other objections raised over the parties' proffered exhibits. As instructed, the parties shall conform their exhibits pursuant to this order and to my previous orders. In particular, the parties shall redact or remove any exhibits discussing the present or prior litigation as well as anything deemed vulgar.

Should the parties continue to have objections to certain exhibits that cannot be mutually resolved, these objections may be raised at the pretrial conference.

**SO ORDERED.**

**Dated: March 24, 2008**
      **Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**