UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
PATSY'S ITALIAN RESTAURANT, INC.,
PATSY'S BRAND, INC.

      Plaintiffs,         **<u>OPINION AND ORDER</u>**

    -against-            06-CV-0729 (RER)

ANTHONY BANAS d/b/a PATSY'S,
PATSY'S PIZZERIA,

      Defendants.
------------------------------------------------------------------X
------------------------------------------------------------------X
PATSY'S ITALIAN RESTAURANT, INC.,

      Plaintiff and
      Counterclaim Defendant,

    -against-            06-CV-5857 (RER)

ANTHONY BANAS d/b/a PATSY'S and
PATSY'S PIZZERIA TRATTORIA IMPAZZIRE,
ALLAN ZYLLER d/b/a PATSY'S and PATSY'S
PIZZERIA TRATTORIA IMPAZZIRE, AL &
ANTHONY'S PATSY'S, INC., I.O.B. REALTY,
INC., PATSY'S, INC. and BSZ REALTY CORP.,

      Defendants and
      Counterclaim Plaintiffs.
------------------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

  During the final pretrial conference on March 25, 2008, disputes arose as to the proper redactions to be made to the videotaped deposition of Mr. Salvatore Scognamillo, which will be shown to the jury at trial. The Court previously granted plaintiffs' in limine motion to exclude evidence relating to a purported consent agreement between defendants' predecessor Patsy's Pizzeria, Inc. and Patsy's Italian Restaurant, Inc. concerning the concurrent use of the mark

PATSY'S given that the agreement was a naked consent and is unenforceable under the Statute of Frauds. (Docket Entries 114 and 175, respectively, at 2 (citing *Patsy's Italian Rest. v. Banas*, 508 F. Supp. 2d 194, 220 (E.D.N.Y. 2007).)

Defendants seek to introduce those portions of Mr. Scognamillo's deposition which describe a conversation he had with Patsy Lancieri in the 1940s concerning the concurrent use of the mark PATSY'S, but do not seek to introduce those portions of the deposition in which the parties allegedly reached an agreement. Based on the Court's prior ruling, plaintiffs understandably object to the introduction of any evidence concerning the purported agreement, including the conversation between Mr. Scognamillo and Mr. Lancieri.[1]

In denying defendants' summary judgement motion, Judge Irizarry determined that the existence of the consent agreement was relevant to the issue of likelihood of confusion, but that "genuine issues of material fact remain with respect to whether the predecessors to the instant parties entered into an oral 'consent agreement' because portions of the record which relate to the existence of the alleged agreement are riddled with contradictions." 508 F. Supp. 2d at 220. Later in the opinion, however, Judge Irizarry ruled that "even assuming the existence of an agreement, the consent here is no more than a 'naked' consent, which carries little weight in a likelihood of confusion assessment, and in any even, is unenforceable because it violates the Statue of Frauds." *Id.* Thus, on first glance, as plaintiffs argue, Judge Irizarry seems to have foreclosed the use of evidence in question. Plaintiffs also correctly note that I previously

---

[1] The parties have submitted a color-coded transcript detailing those portions of the deposition which they each believe should be redacted based upon the Court's prior ruling. Plaintiffs also submitted a two-page letter refuting the arguments that defendants raised concerning the admissibility of certain portions of the transcript. (Docket Entries 115 and 176.)

determined that the evidence is inadmissible as well. (Docket Entries 114 and 175, respectively, at 2).

After reviewing Mr. Scognamillo's deposition transcript and considering the parties' arguments, I *sua sponte* reconsider my prior ruling and reverse it. Thus, I will permit defendants to introduce evidence concerning the purported consent agreement, including the challenged portions of Mr. Scognamillo's videotaped deposition.

Plaintiffs argue that the purported consent agreement is invalid under the New York Statute of Frauds, and therefore any and all evidence of its existence is inadmissible. (Docket Entries 115 and 176, at 1.) The problem with this argument is that it elevates the Statute of Frauds to an evidentiary rule, which it is not. That the agreement is unenforceable, which it is, has no bearing on whether evidence of the agreement may be admitted at trial for any other purpose. Plaintiffs cite to no case, and indeed the Court has found none, that stands for the broad proposition that the Statue of Frauds prevents a party from seeking to introduce evidence of an oral agreement at trial to prove other matters that may be at issue.

More fundamentally, plaintiffs are incorrect in arguing that evidence of the purported consent agreement "is not relevant to any issue in this case. . . ." (Docket Entries 115 and 176, at 2.) While evidence of the purported consent agreement may not be used as a per se defense to plaintiffs' infringement claims, as Judge Irizarry already noted, existence of the consent agreement is relevant to the issue of likelihood of confusion. 508 F. Supp. 2d at 220. Evidence of the agreement is also relevant to the issues of prior use of PATSY'S, whether there was willful infringement, and on defendants' counterclaim for cancellation of plaintiffs' marks, to name a few.

3

Plaintiffs' hearsay objections are also rejected. While the portions of the deposition containing purported statements of Mr. Lancieri and Mr. Scognamillo's father are hearsay, they are admissible pursuant to Federal Rule of Evidence 807.[2] Given the fact that the parties concede that for several decades the parties' predecessors operated their respective establishments in peaceful coexistence, the evidence of the purported consent agreement bears independent indicia of reliability.[3] Also, the hearsay statements are offered to prove material facts, they are more probative on the relevant points than other evidence, and the interests of justice will be served by their admission.

I also reject plaintiffs' argument that Mr. Scognamillo's testimony concerning the letter his father received from Mr. Lancieri's lawyer must be excluded as hearsay and for violation of the best evidence rule. As discussed in the preceding paragraph, Mr. Scognamillo's testimony concerning his father's and Mr. Lancieri's statements bears sufficient indicia of reliability and otherwise satisfy Rule 807 of the Federal Rule of Evidence, and therefore testimony concerning the letter is admissible as an exception to hearsay. As for the best evidence rule, the testimony about the letter is not being submitted "to prove the content of a writing, recording, or

---

[2] Arguably, the portions of the deposition attributable to Mr. Lancieri are also admissible pursuant to Federal Rule of Evidence 804(b)(2). Being deceased, Mr. Lancieri is unavailable. FED. R. EVID. 804(a)(4). Also, his purported statements that it was permissible for plaintiffs to use the mark PATSY'S is arguably a statement against his pecuniary interest. FED. R. EVID. 804(b)(3).

[3] I reject plaintiffs' argument that the testimony is unreliable as a matter of law just because there is "bad blood" between Mr. Scognamillo and "the owners of Plaintiffs." (Docket Entries 115 and 176, at 2.) At the deposition, Mr. Scognamillo admitted that there was "bad blood" and explained why. Plaintiffs can argue to the jury that this creates a motive to lie, but as an evidentiary matter, the existence of "bad blood" is insufficient to exclude this evidence.

photograph. . . ." FED. R. EVID. 1002.[4] Indeed, the actual contents of the letter are not at issue. Rather, the testimony concerning the letter establishes the *context* within which Mr. Scognamillo had the conversation with his father. The testimony concerning the letter is therefore admissible.

Accordingly, Mr. Sconamillo's videotaped deposition may be shown to the jury with the following portions redacted therefrom: page 5, line 2 after the word "Plaintiff" to line 5; page 8, lines 4-15; and page 10, lines 4-11. The admissibility of other evidence establishing the purported consent agreement will be handled, if need be, during the trial.

**SO ORDERED.**

**Dated: March 26, 2008**
       **Brooklyn, New York**

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**

---

[4] *See Spector v. Experian Info. Servs., Inc.*, 321 F. Supp. 2d 348, 354 (D. Conn. 2004) ("[T]he Best Evidence rule, Fed.R.Evid.1002, does not apply because plaintiff's statement is not an attempt to prove the content of a writing.") (citing *Dean v. New York Marriott Fin. Ctr. Hotel & Marriott Int'l*, 94 Civ. 4343, 1998 WL 574382, *5 (S.D.N.Y. Sept. 81998); *United States v. Finkielstain*, 718 F. Supp. 1187, 1192 (S.D.N.Y. 1989) ("As to the best evidence rule, that canon requires the production of a document to prove its content when a witness testifies on the issue of what that document contains. It does not require production of a document simply because the document contains facts that are also testified to by a witness.") (citing Advisory Committee Notes to FED. R. EVID. 1002).