**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------X
PATSY'S ITALIAN RESTAURANT, INC.,
PATSY'S BRAND, INC.

    Plaintiffs,

  -against-            06-CV-0729 (RER)

ANTHONY BANAS d/b/a PATSY'S,
PATSY'S PIZZERIA,

    Defendants.
-----------------------------------------------------------------X
-----------------------------------------------------------------X
PATSY'S ITALIAN RESTAURANT, INC.,    **OPINION & ORDER**

    Plaintiff and
    Counterclaim Defendant,

  -against-            06-CV-5857 (RER)

ANTHONY BANAS d/b/a PATSY'S and
PATSY'S PIZZERIA TRATTORIA IMPAZZIRE,
ALLAN ZYLLER d/b/a PATSY'S and PATSY'S
PIZZERIA TRATTORIA IMPAZZIRE, AL &
ANTHONY'S PATSY'S, INC., I.O.B. REALTY,
INC., PATSY'S, INC. and BSZ REALTY CORP.,

    Defendants and
    Counterclaim Plaintiffs.
-----------------------------------------------------------------X

**RAMON E. REYES, JR., U.S.M.J.:**

  At approximately 6:30 p.m. on Sunday, March 30, 2008, 15 hours before the jury trial in these consolidated cases was set to begin, plaintiffs filed a "motion for reconsideration of the Court's refusal to enforce the final judgment of the United States District Court for the Southern District of New York." (Docket Entries 123 and 184, respectively, at 1.) By the Court's calculation, this is plaintiffs' third attempt to obtain dismissal of intervenor/counterclaim plaintiff

I.O.B. Realty, Inc.'s counterclaim for cancellation of plaintiffs' federal trademark registration number 3,009,836 for the stylized mark PATSY'S PR for restaurant services and registration number 3,009,866 for the mark PATSY'S for restaurant services not including pizza.[1] For the reasons which follow, plaintiffs' motion is denied.

First, the motion lacks an adequate basis in law. Regardless of whether I.O.B. failed to challenge on appeal or whether the Southern District and United States Court of Appeals for the Second Circuit overlooked the obvious *ultra vires* nature of the Southern District's final judgment with regard to paragraph 4(e) (*see* Docket Entries 123 and 184, respectively, at 2), plaintiffs have failed to cite to a single case from this Circuit which stands for the proposition that this Court is bound by a final judgment of another district court which it is firmly convinced exceeded permissible legal limits.[2] Simply put, and as plaintiffs themselves have argued to this Court on numerous occasions, the "tomato sauce case"" had nothing whatsoever to do with restaurant services or federal registrations for either party's marks for such services:

> We agree with the Defendants that the injunction exceeds the
> proper scope of this litigation by purporting to restrict the

---

[1] For a more complete description of the prior two attempts and the underlying factual and procedural history, including the Southern District's final judgment and the United States Court of Appeals for the Second Circuit's modification thereof, the Court directs the reader's attention to *Patsy's Italian Restaurant, Inc. et al. v. Banas, et al.*, 508 F. Supp. 2d 194 (E.D.N.Y. 2007) and *Patsy's Italian Restaurant, Inc. et al. v. Banas, et al.*, Nos. 06-CV-0729 (RER), 06-CV-5857 (RER), 2008 WL 495568 (E.D.N.Y. Feb. 20, 2008).

[2] Plaintiffs' reliance on *Caterpillar Tractor Co. v. International Harvester Co.*, 120 F.2d 82 (3d Cir. 1941), is misplaced. Not only is that case over 65 years old and from another Circuit, but it is inapposite. In *Caterpillar*, the pertinent part of the injunction from the Nevada district court that was sought to be enforced in the New Jersey district court was actually litigated in and decided by the Nevada district court. Here, contrary to plaintiffs' argument, the issue of registrations for marks restaurant services was not actually litigated in and decided by the Southern District. If it was, the Southern District's finding that I.O.B. Realty's predecessors were the first to use the mark PATSY'S for restaurant services in 1933, prior to plaintiffs, would be binding on plaintiffs as well.

> Defendants' identification of their restaurant business. Injunction, ¶ 4(f). The restaurants have coexisted with similar names for decades. Indeed, that circumstance has inured to the benefit of the Plaintiff by affording it the opportunity to use the dominant feature of its name, "Patsy's," in its sauce labeling, despite the prior use of that same feature in the name of the Defendants' restaurant. Having secured that benefit in a suit concerned with its recent decision to market pasta sauce, *the Plaintiff cannot use this litigation to restrict the way the Defendants have been identifying their restaurant business for several decades. Whether or not such relief might be warranted in a suit concerned with restaurant services is beyond the scope of this litigation. Although we conclude that the injunction should be confined to the marketing of pasta sauce and food products and should not reach the Defendants' restaurant business,* we suggest to both sides that henceforth they would be well advised to minimize the risk of confusion by identifying their restaurants by the complete names: "Patsy's Italian Restaurant" and "Patsy's Pizzeria."

*Patsy's Brand, Inc. v. I.O.B. Realty, Inc., et al.*, 317 F.3d 209, (2d Cir.2003) (emphasis added). Thus, if the tomato sauce case had nothing to do with restaurant services, then by enjoining I.O.B. from petitioning for cancellation of Patsy's Italian Restaurant's registered marks *for restaurant services* the Southern District's injunction went beyond the case or controversy in front of it. Accordingly, the Southern District's final judgment violated the rule that "[i]njunctive relief should be narrowly tailored to fit specific legal violations [and] should not impose unnecessary burdens on lawful activity." *Waldman Pub. Corp. v. Landoll, Inc.*, 43 F.3d 775, 785 (2d Cir.1994) (citations omitted).

Second, even if I were to consider the Southern District's final judgment binding on defendants, that would not prevent me from considering I.O.B. Realty's *counterclaim* seeking cancellation of plaintiffs' marks PATSY'S for restaurant services in these consolidated cases. Paragraph 4(e) of the Southern District's final judgment only enjoins defendants "from opposing

3

any application for registration or *petitioning* to cancel any registration of Plaintiff for the trademark PATSY'S . . . restaurant services." (Emphasis added). By using the phrase "from opposing any application for registration or petitioning" the Southern District was clearly referring to proceedings before the United States Trademark Trial and Appeal Board, not proceedings in federal court. To the extent the phrase is ambiguous, it is unenforceable against defendants, especially because it was drafted by plaintiffs. (*See* Docket Entries 123 and 184, respectively, at 1-2 (referring to facts that plaintiffs proposed the final judgment, which the Southern District then modified in other respects not relevant here).)

More importantly, nothing in the Southern District's final judgment prevents this Court *sua sponte* from granting I.O.B. Realty the relief it seeks on its counterclaim. If, as I.O.B. contends, (1) its predecessors were the first to use the mark PATSY'S for restaurant services, (2) there was continuous use of the mark since then, and (3) there is privity down the line between the predecessors, I.O.B. and its assigns, then the Court could order the cancellation of the registrations for plaintiffs' junior marks if there is a likelihood of confusion:

> In any action involving a registered mark the court may determine the right to registration, order the cancelation [sic] of registrations, in whole or in part, restore canceled registrations, and otherwise rectify the register with respect to the registrations of any party to the action.

15 U.S.C. § 1119. The Lanham Act's provision in this regard are not dependent upon a request from a party.

Finally, the motion is untimely. The instant motion seeks reconsideration of the Court's "refusal to enforce the final judgment of the United States District Court for the Southern District of New York." (Docket Entries 123 and 184, respectively, at 1.) Although counsel identifies

4

that refusal as occurring at the March 25, 2008 final pretrial conference, the "refusal" actually came on February 20, 2008 when the Court denied plaintiffs' "motion to dismiss Defendants' counterclaim seeking cancellation of Plaintiffs' trademark registrations." (Docket Entries 63 and122, at 1.) Motions for reconsideration must be made within ten days of entry "of a court order determining a motion." Civil Rule 6.3, Local Rules of the United States District Courts for the Southern and Eastern Districts of New York. Accordingly, plaintiffs' motion is untimely.

**SO ORDERED.**

Dated: April 3, 2008
      Brooklyn, New York

*Ramon E. Reyes, Jr.*
**Ramon E. Reyes, Jr.**
**United States Magistrate Judge**