UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
PATSY'S ITALIAN RESTAURANT, INC.,
PATSY'S BRAND, INC.,

    Plaintiffs,

  - against -         06-CV-0729 (RER)

ANTHONY BANAS d/b/a PATSY'S,
PATSY'S PIZZERIA,

    Defendants.
------------------------------------------------------------X
------------------------------------------------------------X
PATSY'S ITALIAN RESTAURANT, INC.,

    Plaintiff and
    Counterclaim Defendant,

  - against -         06-CV-5857 (RER)

ANTHONY BANAS d/b/a PATSY'S and
PATSY'S PIZZERIA TRATTORIA IMPAZZIRE,
et al.,

    Defendants and
    Counterclaim Plaintiffs.
------------------------------------------------------------X

## SUMMARY ORDER ADOPTING
## THE SPECIAL MASTER'S REPORT AND RECOMMENDATION

**RAMON E. REYES, JR., U.S.M.J.:**

  Before the Court are defendants' Patsy's, Inc. and I.O.B. Realty, Inc. (collectively, "Defendants" or "I.O.B. Realty") response and motion to modify (Dkt. 231) the Special Master's May 15, 2015 report and recommendation (Dkt. 230) on the parties' competing motions for contempt and sanctions, and plaintiffs Patsy's Italian Restaurant, Inc.'s and Patsy's Brand, Inc.'s

opposition thereto (Dkt. 235).  I assume the reader's familiarity with the facts and procedural history of these cases, the "Sauce Litigation", and the instant motions.  Having conducted a thorough and de novo review of these matters, the Court adopts the Special Master's report and recommendation with one modification.

Defendants cite to no factual or legal error in the Special Master's factual findings or conclusions of law, but rather complain that the effect of the rulings will present difficulties in moving forward with the parties respective businesses.  That, however, is not the Court's problem as the relevant issue is consumer confusion, not the parties' ease in conducting business.  This decision leaves open the possibility of future proceedings should the parties be unable to resolve their practical difficulties before the United States Patent and Trademark Office.  The parties are advised to heed the Special Master's various suggestions for proceeding as amicably as possible, e.g., negotiating a concurrent use agreement for their respective service marks.  While this has proved unsuccessful in the past, the Court hopes that the parties will see the benefit in such an arrangement.  The Special Master is, of course, available to assist the parties in this regard.

The only modification that is necessary is the removal of the prohibition on surveillance.  Plaintiffs suggest that the prohibition be equalized, Defendants suggest that it should be removed altogether as it is meaningless.  I agree with Defendants.  The parties are now free to waste their time and financial resources on surveilling each other.

Accordingly, the motions are denied. The Special Master's appointment will continue for one year from today's date, and he is directed to submit a report to the undersigned every six months.

**SO ORDERED.**

**Dated:**     **Brooklyn, New York**
              **January 12, 2016**

                                              *Ramon E. Reyes, Jr.*
                                              **RAMON E. REYES, JR.**
                                              **United States Magistrate Judge**